IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-73 |
| | ) | |
| STEPHEN MATAKOVICH | ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Cindy K. Chung and Stephen S. Gilson, Assistant United States Attorneys for said district, and respectfully files this response in opposition to the defendant's motion for release pending appeal, Doc. No. 139.

**I.      PROCEDURAL HISTORY**

On April 5, 2016, a federal grand jury sitting in the Western District of Pennsylvania returned an Indictment charging the defendant with two counts.   Count One charged that, while acting under color of law, the defendant willfully deprived the victim, Gabriel Despres, of his constitutional right to be free from unreasonable seizure, in violation of 18 U.S.C. § 242. Specifically, the Indictment charged that the defendant used unreasonable force as a law enforcement officer when pushing and striking the victim.   Count Two charged that the defendant falsified the record related to that incident, in violation of 18 U.S.C. § 1519.

On May 22, 2017, a jury trial commenced in this matter.   On that date, the Court addressed the government's objections to certain exhibits the defendant planned to offer, including the government's relevance and admissibility objections to Defense Exhibit 1, a video recording of the transport of the victim from the hospital to Allegheny County Jail.   The defense described the contents of the video to the Court including multiple statements made by the victim

1

during the transport and argued that the exhibit was admissible to demonstrate the defendant's lack of injury and his general behavior and demeanor. The government responded that the exhibit, which was recorded approximately an hour and a half after the incident, was extrinsic evidence of the victim's statements, and was not admissible unless the victim denied making those statements -- an argument clearly based upon hearsay principles. The government acknowledged that if the victim were called to testify and denied making the statements, the video would be admissible to impeach the victim. The Court ruled that the exhibit would be permitted for impeachment purposes under the appropriate circumstances.

Notably, the defense did *not* argue at trial that the video was evidence "that the Defendant did not intend to use excessive force" as argued in the instant defense motion. Doc. No. 139 at 3. Had the defendant so argued, the government would have reiterated its position that the victim's out-of-court statements, which were being offered for the truth of the matter stated therein, were irrelevant and inadmissible hearsay.

On May 27, 2017, the jury returned a verdict of guilty on Count One, finding that the defendant willfully used unreasonable force against the victim. The jury returned a verdict of not guilty on Count Two, which charged him with falsifying the record in this matter.

On November 15, 2017, the Court found that the defendant obstructed justice by committing perjury and sentenced the defendant to a term of imprisonment of 27 months. The Court permitted the defendant to self-report for his term of imprisonment.

II. **LEGAL STANDARD AND ANALYSIS**

    A. **Legal Standard**

The law presumes that defendants should be incarcerated pending appeal. 18 U.S.C. 3143(b) (mandating that "the judicial officer *shall* order that a person who has been found guilty

of an offense and sentenced to a term of imprisonment, and who has filed an appeal, be detained" except in certain narrow circumstances) (emphasis added); United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985) ("The Bail Reform Act of 1984 was enacted because Congress wished to reverse the presumption in favor of bail that had been established under the prior statute, the Bail Reform Act of 1966").   Courts should disregard this default posture only under the very narrow circumstances set forth in 18 U.S.C. § 3143, which requires the defendant to establish that:

1. the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
2. the appeal is not for purpose of delay;
3. the appeal raises a substantial question of law or fact; and,
4. if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

Miller, 753 F.2d at 24 (3d Cir.1985).   A substantial question is one that is "fairly debatable among jurists of reason."   United States v. Smith, 793 F.2d 85, 89 (3d Cir. 1986).

> B. **Analysis**

The government acknowledges that by permitting the defendant to self-report, the Court implicitly found that the defendant is not likely to flee or pose a danger to the safety of any other person.   In addition, the government is not aware of any indicator that the defendant's appeal has been filed for the purpose of delay.   Thus, the remaining factors to consider are whether: 1) the defendant's appeal raises a substantial question of law or fact; and, 2) if such a substantial question exists, whether a favorable determination on appeal would likely result in reversal or a new trial order.   Miller, 753 F.2d at 24.   The defendant's motion fails on both of these bases.

> 1. The Defendant has not Raised a Substantial Question

The defendant raises one issue in support of his motion -- whether the Court erred in

ruling that Defense Exhibit 1, described above, was inadmissible as evidence that the victim's "injuries were not severe" and as evidence "that the Defendant did not intend to use excessive force" as argued in the instant defense motion. Doc. No. 139 at 3. This issue is not substantial, but rather is a run-of-the-mill evidentiary dispute regarding the admissibility of the out-of-court statement of a victim.

### a. The Video Was Inadmissible Hearsay

The two purposes offered by the defendant, one of which was not offered at trial, are clearly dependent on the hearsay statements of the victim. For instance, the defendant first states that the exhibit was relevant to show that the victim was not injured because the victim stated on the video "that the Defendant did not punch that hard." Doc. No. 139 at 3. In other words, the defendant is arguing that the video is relevant based upon the victim's out-of-court statement regarding the strength of the defendant's strikes for the truth of the matter stated therein. This is clearly hearsay and its admissibility as such is not fairly debatable. The defendant also now argues, though he did not at trial, that the video is relevant to demonstrate that the defendant did not willfully use excessive force because the victim stated on the video that the "Defendant was not trying to hurt him." Id. Again, this is clearly offering the video for the purpose of admitting the victim's out-of-court statement for the truth of the matter stated therein -- a hearsay purpose for which no exception was offered at trial, nor here. Thus, the Court's decision to exclude the hearsay evidence is not fairly debatable and the issue raised by the defendant is not substantial.

In support of his motion, the defendant attempts to recharacterize the Court's decision as a Rule 403 ruling. Doc. No. 139 at 4. While it is true that the Court did not explicitly state that the Court's ruling was based on the hearsay rule, it is clear that all parties recognized that hearsay

was the heart of the issue and that the Court's ruling depended on its view of whether or not the statements were being offered as hearsay. For instance, the government stated that extrinsic evidence of the victim's out-of-court statements, such as the video, was not admissible unless the victim denied making the statements contained therein. The defendant responded by describing some of the statements made by the victim and argued reasons the video was not being offered for hearsay purposes. The defendant's argument explicitly addressed hearsay, which reflects the understanding of all present that hearsay was the matter being considered by the Court. The Court then ruled that the video could be used for impeachment if the victim denied making the statements. The Court stated the video was not otherwise relevant[1] and also noted that if offered for non-impeachment purposes, the video could possibly be more prejudicial than probative. This was *not* a finding on Rule 403 balancing, but a follow-up remark stating reasons, in addition to the Court's hearsay and relevant rulings, why the video might also be inadmissible.

2.    The Video Was Irrelevant

This Court correctly found that the video was not relevant and hence, need not have engaged in Rule 403 balancing. With respect to the "minimal injury" purpose offered by the defendant, there was no probative value of the evidence as the definition of injury encompasses minimal injury and as the government never argued at trial that the victim suffered severe injury. See Doc. No. 65 at 4 (defendant's proposed jury instruction on bodily injury including the phrase "The injury need not be significant, severe, or permanent"). Similarly, the victim's statement has no relevance vis a vis the defendant's intent -- as a third party, the victim had no knowledge

---

[1] The victim's demeanor on the video was irrelevant for the "general demeanor" purpose offered by the defendant as the video recording was made long after this incident -- after the victim had been transported from the scene, taken to a hospital, treated at the hospital, released from the hospital, and during transport from the hospital to the jail.

of the defendant's actual intent. Moreover, the victim's third party opinion of the defendant's intent is simply not probative of whether the defendant acted with the required mental state to commit a crime. Thus, the probative value of the video was non-existent and this Court need not have engaged in the Rule 403 balancing.

Even if the Third Circuit were to credit the defendant's Rule 403 argument and find that the Court abused its discretion in failing to conduct the analysis, the Third Circuit would perform the Rule 403 balancing itself. See e.g., United States v. Repak, 852 F.3d 230, 246-248) (3d Cir. 2017) (after finding that lower court did not engage in meaningful Rule 403 balancing, Circuit Court conducted balancing analysis and found that probative value was not substantially outweighed by potential prejudice). The Third Circuit, like the Court here, would recognize that the proffered evidence had minimal value, at best, and would also ascertain that the risk of prejudice to the government posed by the jury's consideration of inadmissible hearsay statements outweighed this nominal probative value. In performing this balancing, the Third Circuit would conclude that this Court, in making its dicta comment, was correct and that the (nonexistent to minimal) probative value of the video was substantially outweighed by the prejudice it posed. [2]

In sum, though the defendant has attempted to recast the Court's ruling as 403 decision, it is clear that the parties and the Court understood that the government's objection to the exhibit was based upon hearsay and relevance and that the Court's ruling was based upon hearsay and relevance. Moreover, it is also clear that the video was also wholly irrelevant for the "specific

---

[2] Similarly, if the defendant were to re-raise his argument on appeal that the video was relevant to demonstrate the victim's general behavior and demeanor, the Third Circuit would conduct the balancing and find little to no probative value, as described above. Moreover, the Circuit Court would also find that the potential prejudice of admitting the entire video substantially outweighed the scant probative value, especially given the fact that the lengthy video could easily be excerpted to demonstrate the same behavior, without inclusion of the hearsay statements

intent" purpose newly raised in the defendant's motion. The defendant has not raised a substantial issue and his motion should be denied.

> 2. A Determination in Favor of the Defendant Would Not Likely Result in Reversal or a New Trial

The defendant did not raise his argument regarding specific intent at trial. Therefore, he forfeited that issue and that portion of his claim would be reviewed on a plain error basis. The defendant did raise his argument regarding the (non-substantial) evidentiary issue offering the video to establish "minimal injury" at trial. This issue would thus be reviewed for abuse of discretion. Both plain error review and abuse-of-discretion review require harmlessness analysis -- an examination of whether the error complained of contributed to the verdict. Even if jury had seen the video, this evidence would not have changed the verdict in this case.

The verdict in this case was supported by, among other things, the testimony of five, sober eyewitnesses, and video and photographic evidence.[3] The five, sober eye witnesses were all consistent with each other in stating that the victim posed no threat to the defendant, from the beginning of the defendant's use of force through the end of it. The five, sober eye witnesses were also consistent in stating that the victim never took any of the actions claimed by the defendant to justify his use of force against the victim. The video of this incident corroborated the eye witness accounts and photographic evidence, as well as eye witness testimony and the defendant's own report, established that the victim suffered injury from the defendant's actions. The defendant's own obstructive conduct in falsely justifying his use of force (in his reports and

---

[3] As with the Court's evidentiary ruling, the defendant has mischaracterized the government's theory at trial. The Indictment, arguments, and the evidence produced at trial make clear that the government *never* "relied on a theory that the defendant's use of force started as legitimate but at some point became excessive." Doc. No. 139 at 6. In fact, not only did the government posit that the initial use of force was willfully excessive, but the government charged the defendant with falsely justifying this initial use of force.

his own testimony) was evidence of the defendant's consciousness of guilt and willful use of excessive force. Irrelevant hearsay statements made by the victim, more than 90 minutes after the incident, simply do not undermine the overwhelming evidence offered at trial. In short, if the defendant were somehow to prevail on this (non-substantial) issue, the defendant is unlikely to prevail when the issue is subjected to harmlessness analysis.

Under both the plain error standard as to the defendant's "specific intent" argument, and the abuse of discretion as to the defendant's "minimal injury" argument, the defendant cannot meet the fourth factor for release pending appeal as a favorable ruling would not result in reversal or a new trial.

### III. CONCLUSION

Because the defendant has not raised a substantial issue, and because even if the defendant were to obtain a favorable ruling on this issue, reversal nor a new trial is likely to result, the defendant's motion for release pending appeal should be denied.

Wherefore, the government respectfully submits its response to the defendant's motion for release pending appeal.

        Respectfully submitted,
        SOO C. SONG
        Acting United States Attorney

By:   s/ Cindy K. Chung
      CINDY K. CHUNG
      Assistant U.S. Attorney
      PA ID No. 317227

      s/ Stephen S. Gilson
      STEPHEN S. GILSON
      Assistant U.S. Attorney
      NY ID No. 5165063